**STANDARD OUTFITTING CO. v. HEYKER et al.**

Circuit Court of Appeals, Sixth Circuit. June 30, 1928.

No. 5094.

1. **Bankruptcy ⬤⟹91(1)—Burden of proving its solvency was on alleged bankrupt, failing to keep books or produce informative testimony about its finances.**

In involuntary bankruptcy proceedings, burden of proving solvency was on alleged bankrupt, because of its failure to keep books or produce informative testimony about its finances.

2. **Bankruptcy ⬤⟹54—Alleged bankrupt's indebtedness, paid by one exercising managerial control, held properly included in its liabilities in determining question of solvency.**

Where alleged bankrupt corporation failed to keep books or produce informative testimony about its finances, District Court, in determining question of its solvency, properly included among its liabilities the amounts of its indebtedness, paid by its president's husband, who, though having no official position and receiving no salary, was in control of bankrupt to such extent as to raise strongest inference that any payment by him was a loan to corporation, and not a gift, notwithstanding his affidavit, filed after adjudication, that he had no claim on account of such payments.

3. **Bankruptcy ⬤⟹91(2)—Affidavit of one in managerial control, denying claim for bankrupt's indebtedness paid by him, filed after adjudication, held not to affect petitioning creditors' rights.**

Affidavit of one exercising managerial control of alleged bankrupt corporation, though not having any official position and receiving no salary, alleging that affiant did not then nor ever have any claim against alleged bankrupt on account of his payments of its indebtedness, filed by him after adjudication to support rehearing, and at time when indictment was pending against him for conspiracy to violate bankruptcy laws, held not to affect rights of petitioning creditors.

4. **Bankruptcy ⬤⟹464—Alleged error in failing to establish act of bankruptcy, not assigned, will not be considered by reviewing court, where adjudication not proved unjust.**

Alleged error in failing to establish existence of act of bankruptcy as ground for involuntary adjudication, not assigned, will not be considered by reviewing court, where it was not satisfied that adjudication was unjust.

Appeal from the District Court of the United States for the Southern District of Ohio; Smith Hickenlooper, Judge.

Involuntary bankruptcy proceeding by Urban J. Heyker and others, petitioning creditors, against the Standard Outfitting Company. From adjudication of its bankruptcy, the alleged bankrupt appeals. Affirmed.

R. T. Dickerson and Amos Foster, both of Cincinnati, Ohio, for appellant.

J. G. De Fosset, of Cincinnati, Ohio, for appellees.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

MACK, Circuit Judge. Appeal from an adjudication in bankruptcy. Exceptions to the report of a special master, to whom the issue of insolvency was referred, and who reported appellant to have been solvent, were sustained by the District Judge.

Appellant, an Ohio corporation, carried on a retail installment furniture business. Its president and sole stockholder is the wife of Louis Levinson. The business had been transferred by husband to wife. Levinson held no official position and received no salary, but did the buying, exercised managerial control, and in all matters spoke for the corporation. The corporation kept no books other than a loose-leaf ledger recording each customer's name, address, purchases, and payments. At the hearing before the master, no corporate officer was present to testify concerning its finances except Mrs. Levinson; she had very little knowledge of them.

From time to time Levinson paid the corporation creditors out of his personal funds; to what extent is not clear. Two instances of substantial payments just prior to the bankruptcy are proved. One of the creditors testified that Levinson bought the claim. When Levinson filed appellant's schedules he did not list himself as a creditor. After the adjudication, to support a motion for rehearing, he filed an affidavit that he neither then had nor ever had had a claim against appellant on account of these payments. At the time he made the affidavit, an indictment was pending against him and several codefendants for conspiracy to violate the bankruptcy laws in respect to appellant.

[1, 2] Especially in view of the fact that appellant's failure to keep books or produce informative testimony about its finances imposes upon it the burden of proving solvency, the District Judge was clearly right in including among appellant's liabilities the amounts of its indebtedness proved to have been paid by Levinson, and in characterizing his actions as an attempt to blow hot and cold: "If it suited Levinson's purpose, the respondent could be made insolvent by the mere presentation of a presumably valid claim for money advanced. Or, if solvency suited the purpose better, bankruptcy could be defeated by disclaiming indebtedness."

Levinson was in control of appellant to such an extent as to raise the strongest inference that any payment by him was as a loan to the corporation and not a gift. No evidence contemporaneous with the payments points to an intent to make a gift; his later ex post facto statements under the shadow of an indictment were properly deemed by the District Judge to be entitled to practically no weight.

[3] Whatever the effect of this affidavit may be to bar any claim that he may hereafter make as a creditor, it cannot affect the rights of petitioning creditors. If he was in fact a creditor on account of these payments at the time the petition in bankruptcy was filed, the subsequent waiver or disclaimer is immaterial. The liabilities in that event clearly exceeded the assets and appellee therefore was insolvent as found by the District Judge, in whose finding in this respect we concur. The valuations placed by the special master on the stock of goods and accounts receivable were properly reduced by the District Judge. [4] On the oral argument counsel stated a question of serious doubt as to the existence of any act of bankruptcy. The record as sent up contains no indication that any proof was offered to establish the act of bankruptcy alleged in the petition and denied in the answer. We find, however, that no error in this respect was assigned, and hence, whatever the proof, it might naturally have been omitted from the record. We are not so satisfied that the adjudication was unjust as to induce us to look into this matter, in the absence of any pertinent assignment of error.

The order of adjudication is affirmed.